|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| DARNELL McGARY,<br><br>            Plaintiff,<br><br>      v.<br><br>STEPHEN STERN *et al*.,<br><br>            Defendants. | Case No.  C05-5609RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**<br>**November 25th, 2005** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff is proceeding *in forma pauperis.*  Having reviewed the complaint the undersigned recommends this action be dismissed for failure to state a claim prior to service pursuant to 28 U.S.C. § 1915 (e)(2)(B).

FACTS AND SUMMARY CONCLUSION

Plaintiff names twelve defendants.  (Dkt. # 6).  The persons named represented plaintiff in either a criminal proceeding or at some form of state civil commitment proceeding.  At least two of the named defendants supervised the attorneys who represented plaintiff.  (Dkt. # 6)

Plaintiff alleges his current detention as a pre trial detainee subject to civil commitment as a sexual predator is illegal.  (Dkt. # 6, page 1).  He claims counsel have conspired against him and he seeks monetary damages, injunctive relief, and possibly release under ¶ 8.5 of his complaint.  (Dkt. # 6, page 15).

The court now recommends dismissal prior to service for two reasons.  First, none of the persons

REPORT AND RECOMMENDATION
Page - 1

1  named in this action acted under color of state law.  Second, the current action calls into question the legality of
2  plaintiff's current confinement.

## DISCUSSION

When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).  A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983.  Baker v. McCollan, 443 U.S. 137, 140 (1979).  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

It is well established that persons who act as counsel for a defendant in criminal proceeding or civil commitment proceeding are not acting under color of state law. Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).  This is true even when the attorney is court appointed counsel. Thus, none of the named defendants acted under color of state law and plaintiff cannot bring an action of this nature against them.

Further, this action calls into question the legality of plaintiff's current confinement. Heck v. Humphrey, 512 U.S. 477 (1994).  If a civil rights action calls into question the legality of confinement the proper avenue for relief  is in habeas corpus rather than civil rights.  Here, a ruling in plaintiff's favor undermines the validity of his current confinement.  Thus plaintiff may not proceed with this action.  The court cannot envision an amendment that will cure the defects in this action.

## CONCLUSION

This action names defendants who do not act under color of state law and attempts to challenge the legality of a current confinement. Amendment appears futile. The action should be dismissed prior to service for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B). A proposed order accompanies this Report and Recommendation.

1 | Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 25th, 2005**, as noted in the caption.

DATED this 2nd day of November, 2005.

Karen L. Strombom
United States Magistrate Judge