UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARNELL McGARY,<br><br>               Plaintiff,<br><br>   v.<br><br>STEPHEN STERN, et al.,<br><br>              Defendants. | Case No. C05-5609RJB<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION AND<br>DISMISSING CASE |

      This matter comes before the Court on consideration of the Report and Recommendation of the Magistrate Judge. Dkt. 8. The court has considered the relevant documents, including plaintiff's objections, and the file herein.

      On September 15, 2005, plaintiff, a resident of the Special Commitment Center (SCC), filed a civil rights complaint against eleven defendants, who were prosecutors, defense counsel, or supervisors in his criminal or civil commitment proceedings. Dkt. 6. Plaintiff, who is proceeding *in forma pauperis*, contends that his current detention as a pretrial detainee is illegal. He claims that defendants were ineffective and conspired against him during his criminal and civil commitment proceedings. Plaintiff seeks monetary damages and injunctive relief.

      On November 2, 2005, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, recommending that the action be dismissed under 28 U.S.C. § 1915(e)(2)(B) because plaintiff's defense counsel did not act under color of state law, and because plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. 8.

ORDER
Page - 1

On November 15, 2005, plaintiff filed objections to the Report and Recommendation, contending that he has stated a claim against his defense attorneys because these attorneys conspired against him during the course of their representation; that his counsel was constitutionally ineffective; and that he has stated a claim under 42 U.S.C. § 1981.  Dkt. 9.

**1. Legality of Confinement**

Plaintiff contends that, as a result of the actions of prosecutors, supervisors, and defense attorneys, he is being unlawfully detained under RCW 71.09, in violation of his constitutional rights.

A claim that relates to the fact and duration of confinement is not cognizable in a civil rights action unless an inmate can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477 (1994).  The proper avenue to challenge the fact or duration of confinement is to file a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See Wilkinson v. Dotson*, 125 S.Ct. 1242, 1248 (2005)("a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). *Emphasis in the original*.  *Heck v. Humphrey* applies to persons detained as sexually violent predators who have access to habeas relief. *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005).  Before a petition for writ of habeas corpus may be brought in federal court, state remedies must be exhausted. *Rose v. Lundy*, 455 U.S. 509 (1982).

Plaintiff's claims alleging that his confinement as a sexually violent predator is illegal due to the conduct of prosecutors, supervisors, and defense counsel are challenges to the fact or duration of his confinement.  He has not demonstrated that his detention has been invalidated; in fact, plaintiff is currently detained at the SCC, allegedly as a result of the criminal and civil commitment proceedings he contends were unlawful.  Plaintiff's claims for injunctive relief and damages should be dismissed as barred by *Heck v. Humphrey*.  Plaintiff is not precluded from seeking relief through a properly filed petition for writ of habeas corpus.

The magistrate judge addressed other bases for recommending dismissal of this action, and plaintiff has raised other issues in his objections to the Report and Recommendation.  The court herein addresses those issues as alternative grounds for dismissing this case.

### 2. Claims Against Prosecutors

Plaintiff has filed claims against various prosecutors and their supervisors, alleging a conspiracy against him. A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity applies only when the challenged activity is intimately associated with the judicial phase of the criminal process. *Id*. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. *Id*. Prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process. *Miller v. Barilla*, 549 F.2d 648, 649 n. 3 (9th Cir. 1977). The actions alleged in the complaint against the prosecutors and their supervisors were intimately associated with the judicial phase of the criminal process. These defendants are absolutely immune from a civil suit for money damages under 42 U.S.C. § 1983.

### 3. Claims Against Defense Counsel

Plaintiff contends that his defense attorneys were ineffective and that they conspired against him. Defense counsel does not act under color of state law for purposes of actions brought under the Civil Rights Act. *See Polk County v. Dodson*, 454 U.S. 312 (1981). Allegations that a private attorney conspired with state officials may be sufficient to meet the state action requirement of Section 1983. *See Tower v. Glover*, 467 U.S. 914 (1984). However, conspiracy requires proof of an agreement to accomplish an illegal objective and the requisite intent to commit the underlying offense. *U.S. v. Mesa-Farias*, 53 F.3d 258, 260 (9th Cir. 1995). Plaintiff has not alleged sufficient facts to establish that his defense counsel conspired to violate his rights.

### 4. Claims under 42 U.S.C. § 1981

In his objections to the Report and Recommendation, plaintiff contends that his claims under 42 U.S.C. § 1981 should proceed because private parties may be sued under this statute. 42 U.S.C. § 1981(a) confers upon all persons the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings[.]" Section 1981(a) further provides that all persons "shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." To the extent plaintiff has alleged a claim under 42 U.S.C. § 1981, any claim that he was discriminated against by the named defendants on the basis of race during his criminal and civil

commitment proceedings is barred by *Heck v. Humphrey, supra*.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 8), is **ADOPTED**. The case is **DISMISSED WITHOUT PREJUDICE** to plaintiff to bring these claims in a subsequent civil action upon a sufficient showing that his confinement or detention has been invalidated.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of December, 2005.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge